UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY IVES,
    Plaintiff,

  v.            CIVIL ACTION NO. 17-30142-MAP

MARIBETH DECKER,
    Defendant.


**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION FOR DISMISSAL**

**ROBERTSON, M.J.**

For the reasons stated below, the Court will allow the motion to proceed *in forma pauperis* and recommend that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) as barred under the doctrine of res judicata.

**I. Background**

*Pro se* plaintiff Tammy Ives ("Ives") filed the instant action on October 11, 2017. The civil rights complaint names a Social Security Administration employee in Pittsfield, Massachusetts as the sole defendant. ECF No. 1. With the complaint, Ives filed an Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 2.

This is the second of two actions filed in 2017 by plaintiff. In a prior action in this court, Ives asserted the same claims against the same defendant. See Ives v. Decker, C.A. No. 17-30108-MGM (dismissed Nov. 9, 2017), appeal filed, No. 17-2150. The prior action was still pending when plaintiff filed this duplicative action. Except for the fact that different boxes are checked in § II(A), the complaints are identical. Unlike the prior complaint, by checking the second box in § II(A) of the instant complaint, Ives indicates that she is bringing suit against "[s]tate or local officials (a § 1983 claim)."

## II.     Plaintiff's Motion to Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  See 28 U.S.C. § 1915(a)(1).  Upon review of plaintiff's financial disclosures, the Court concludes that she has shown that she is without sufficient funds to pay the filing fee for this action.  Accordingly, the motion to proceed *in forma pauperis* is ALLOWED.

## III.     Preliminary Screening of the Complaint

The court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary or other relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

For purposes of preliminary screening, the court liberally construes plaintiff's complaint because she is self-represented.  See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)).  Even allowing for a liberal construction of the complaint, the court recommends, for the reasons set forth below, that it be dismissed pursuant to 28 U.S.C. § 1915 (e)(2) as duplicative of Ives v. Decker, C.A. No. 17-30108-MGM (dismissed Nov. 9, 2017), appeal filed, No. 17-2150.

## IV.     Discussion

To the extent Ives indicates that she is bringing the instant action against pursuant to 42 U.S.C. § 1983, such claim is not actionable because defendant Decker is a federal employee.  As such, any action taken by Decker would be under federal, not state law.  See Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986) (claim against federal defendants fails to state a claim and is beyond scope of § 1983).  In the prior action, the claim was considered under

<u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (establishing a direct cause of action against federal officials for violations of the federal constitution), and rejected.

The current action is precluded because Ives' prior action was dismissed for failure to state a claim. Under res judicata[1] analysis, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). The purpose of claim preclusion is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." <u>Id.</u> While res judicata is an affirmative defense, a "'court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" <u>In re Colonial Mort. Bankers Corp.</u>, 324 F.3d 12, 16 (1st Cir. 2003) (quoting <u>Bezanson v. Bayside Enterps., Inc. (In re Medomak Canning)</u>, 922 F.2d 895, 904 (1st Cir. 1990)). Dismissing an action sua sponte on the basis of an affirmative defense, such as res judicata, is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense. <u>See</u> <u>In re Colonial Mort. Bankers Corp.</u>, 324 F.3d at 16.

Here, sua sponte dismissal is warranted based on the claim preclusive effect of <u>Ives v. Decker</u>, C.A. No. 17-30108-MGM (dismissed Nov. 9, 2017), <u>appeal</u> <u>filed</u>, No. 17-2150.

**VI.   <u>Conclusion</u>**

For these reasons,

1.      Plaintiff's motion to proceed *in forma pauperis* is <u>ALLOWED</u>.

---

[1] The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008).

2.      The Court <u>RECOMMENDS</u> that the action be <u>DISMISSED</u> pursuant to 28 U.S.C.

§ 1915 (e)(2) as barred under the doctrine of res judicata.[2]

**So Ordered.**

<u>/s/ Katherine   A. Robertson</u>
KATHERINE A. ROBERTSON
Dated:  January 10, 2018                                    United States Magistrate Judge

---

[2]Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. <u>See</u> <u>Keating v. Sec'y of Health & Human Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 604 (1st Cir. 1980). <u>See</u> <u>also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 154-55 (1985).